FILED

AUG 1 9 2009

U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

V.  Criminal Action No: 1:09CR57-04

LANCE APPLEWHITE,
        Defendant.

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Lance Applewhite's Motion for Relief from Prejudicial Joinder, filed on August 5, 2009 [Docket Entry 54][1]. The matter was referred to the undersigned by United States District Judge Irene M. Keeley on June 30, 2009 [Docket Entry 30]. Upon review of the motion, the undersigned finds the issue requires a legal conclusion and there are no factual issues to decide. Therefore, the undersigned decides the matter without hearing.

### I. Procedural History

A grand jury attending the United States District Court for the Northern District of West Virginia returned a two-count indictment against Defendant, along with Jovan James, Marcus A. Martin, and Herbert Robinson, on May 5, 2009. Said indictment charges all four defendants, "aided and abetted by each other and by another person known to the grand jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, [] assault[ed] the person known to the Grand Jury as J.S., with a dangerous weapon, with intent to

---

[1] The Court notes that the deadline for filing pretrial motions was June 22, 2009, and that Defendant's Motion for Relief from Prejudicial Joinder was filed well outside that deadline. Additionally, the Court notes that, even though Defendant, himself, prepared and filed the instant motion, Defendant is represented by court-appointed counsel.

do bodily harm to J.S., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3), and 2" (Count One); and, "aided and abetted by each other and by another person known to the grand jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, [] assault[ed] the person known to the Grand Jury as T.H., with a dangerous weapon, with intent to do bodily harm to T.H., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3) and 2" (Count Two).

In his motion, Defendant Applewhite moves the Court for a trial separate from the other three defendants in this case.

## II. Facts as stated in Defendant's Memorandum

The facts precisely as stated by Defendant Applewhite in his motion are as follows:

> On June 26, 2009, co-defendant Marcus Martin moved the Court to continue the trial of this case (dkt. No. 29). the [sic] motion was granted. the [sic] facts that supported his motion was [sic] that he was not prepared for trial. I am not in accord with my co-defendants [sic] reasons for not going to trial. I'm prepared to follow the trial calender [sic] set up by the court for August 18, 2009. Im not willing to waive my right to a speedy trial.
> 
> As stated, the defendant moves the court for a separate trial in this matter. for [sic] the soely [sic] purpose of my co-defendants not being prepared to go forward with trial on the scheduled date for August 19, 2009. I'm prepared for trial and lack of my co-defendant not being prepared is holding up my progress. Therefore my motion for severance should be granted.

## III. Discussion

**Severance**

Under Federal Rule of Criminal Procedure 8(b), "defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses." In this case, it cannot be disputed that

all four defendants are alleged to have participated in the same act or transaction or series of acts or transactions constituting both counts of this case. The undersigned therefore finds all four defendants are properly joined. Assuming proper joinder, it is well settled that "[b]arring special circumstances, individuals indicted together should be tried together." U.S. v. Brugman, 655 F.2d 540 (4th Cir. 1981).

Unless a "miscarriage of justice" will result, there is a presumptive expectation that co-defendants should and will be tried together. Richardson v. Marsh, 481 U.S. 200 (1987); U.S. v. Samuels, 970 F.2d 1312 (4th Cir. 1992); U.S. v. Rusher, 966 F.2d 868 (4th Cir. 1992).

The Fourth Circuit generally adheres to the rule that defendants charged with participation in the same offense are to be tried jointly. United States v. Roberts, 881 F.2d 95, 102 (4th Cir. 1989). A defendant is not entitled to severance merely because a separate trial would more likely result in acquittal. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228, 112 S. Ct. 3051, 120 L.Ed.2d 917 (1992).

It is therefore the defendant's burden to prove or show prejudice. Fed. R. Crim. P. 14. Severance is only required under Rule 14 when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. " Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th cir), cert. denied, 537 U.S. 1094 (2002).

Defendant Applewhite's sole arguments are: that he is ready for trial; he is not willing to waive his speedy trial rights; and "lack of my co-Defendant not being prepared is holding up my progress." (Defendant's Motion DE 54).

No right to severance arises because the evidence against one or more defendants is stronger,

3

or more inflammatory, than the evidence against other defendants. See, e.g., Harris, 498 F.3d at 291-92. The Fourth Circuit has also held "speculative allegations" insufficient to require severance. U.S. v. Becker, 585 F.2nd 703 (4th Cir. 1978)("Speculative allegations as to possible prejudice do not meet the burden of showing an abuse of discretion in denying a motion for severance.") In U.S. v. Smith, 44 F.3d 1259 (4th Cir. 1995), the Fourth Circuit rejected even the mirror image of the "stronger evidence against my co-defendant" argument. In the instant case, Applewhite's allegation that his co-Defendant not being prepared was and is holding up his progress is peculative and does not rise even to the level of a stronger evidence argument."

Rather than the more radical remedy of severance, requiring multiple trials of the same offense or offenses, the courts have long favored limiting instructions to the jury. See, e.g., Harris, 498 F.3d at 291; Najjar, 300 F.3d at 475. Decisions to deny motions to sever are reviewed for abuse of discretion, and factual findings made in connection with those claims for clear error. United States v. Brooks, 957 F.2d 1138, 1145 (4th Cir.), cert. denied, 505 U.S. 1228 (1992).

The undersigned finds Applewhite's argument does not meet his burden of showing there is a serious risk that a joint trial would compromise a specific trial right of himself or one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. Zafiro, 506 U.S. at 539. Accord Harris, 498 F.3d at 291-292; and U.S. v. Najjar, 300 F.3d 466 (4th Cir.), cert. denied, 537 U.S. 1094 (2002).

**Speedy Trial**

To the extent that Applewhite argues he is being denied his right to a speedy trial by the Court having continued the case and that entitles him to severance, his argument is without merit.

18 USCA 3161(h) provides in pertinent part that "The following periods of delay shall be

excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence: (7) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted" and "(8)(A) Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. No such period of delay resulting from a continuance granted by the court in accordance with this paragraph shall be excludable under this subsection unless the court sets forth, in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

The statute clearly contemplates exclusion of reasonable delays in trials when the Defendant is joined with other defendants whose time for trial has not run and no motion for severance has been granted. In this case, the time for trial of co-Defendant Marcus Martin has not run because a motion to continue was granted and no motion to sever has been granted. In addition, the District Judge determined co-Defendant Martin's motion for a continuance and made the required findings in accord with 18 USCA 3161(h)(7)(A) and Zedner v. U.S., 547 U.S. 489, 506-507 (2006).

Applewhite's argument in the instant case is similar to that made and rejected by the Fourth Circuit Court of Appeals in U.S. v. Sarno, 24 F.3d 618 (4th Cir. 1994). Sarno was arraignment on December 10, 1991, and "filed a Motion for a Speedy Trial on February 26, 1992. After continuances were granted to Sarno on April 27, 1992 and to Spengler on June 5, 1992, the trial date was set for

July 16, 1992, a date which Sarno did not and does not object to on Speedy Trial grounds. However, Sarno filed a motion to sever on June 9, 1992, requesting either trial on July 16, 1992 or severance based on a continuance that might be necessitated by another co-defendant's pending request to replace her defense counsel. Sarno claims prejudice by the continuances because he was losing good-time deductions from his pre-existing federal sentence while awaiting trial on the escape charges. The District Court denied Sarno's severance request on July 6, 1992 and the trial eventually commenced on October 5, 1992." In addressing Sarno's claims that " the cumulative effect of the continuances in this case violated the spirit of the Speedy Trial Act because the delay was unreasonable and worked to the defendant's prejudice in his loss of good-time deductions while awaiting trial on the escape charge", the Court of Appeals held: "Sarno's claim is without merit and requires little discussion. We review *de novo* any legal conclusions in the district court's application of the Speedy Trial Act. See United States v. Wright, 990 F.2d 147, 148 (4th Cir.), cert. denied, 510 U.S. 871, 114 S.Ct. 199, 126 L.Ed.2d 157 (1993). The continuance granted Sarno's codefendant were properly applicable to Sarno under 18 U.S.C. § 3161 (h)(7), which excludes from the computation of time within which a trial must commence: 'A reasonable period of delay when the Defendant is joined for trial with a co-Defendant as to whom the time for trial has not run and no motion for severance has been granted.' Sarno's co-Defendant's pretrial motion to replace counsel resulted in a continuance properly granted and excludable from speedy trial act computations under 18 U.S. C. §3161(h)(8)(A), and this exclusion could also be applied to Sarno under section 3161(h)(7) since Sarno's motion for severance was not granted."

It should be noted that at this time co- Defendant Jovan James' motion to sever (DE28) denied by Report and Recommendation dated July 2, 2009 (DE 31) was objected to on July 13, 2009

(DE 34) and that objection is presently pending before the district judge. Similarly, co-Defendant Marcus A. Martin objected to the denial of his pro-se motion to appoint new counsel (DE 37, 47 and 62) on August 12, 2009. These pending matters as well as Defendant Applewhite's Motion to Dismiss (DE 56) which is now pending a hearing on August 25, 2009, each provide a basis for exclusion of time from the running of the speedy trial clock while they are being decided. Therefore, Defendant cannot claim the motion of his co-Defendant for a continuance as the sole basis for the delay of trial.

## *Pro Se* Motion

Defendant's motion to sever is filed *pro se*. Defendant is represented by counsel and has not been granted *pro se* status.

A number of jurisdictions outside of the Fourth Circuit have addressed the situation where a Defendant who is represented by counsel attempts to have the Court consider motions filed *pro se* and which were not adopted by counsel.

In Downs v. Hubbert, 171 Fed. Appx. 640 (9th Cir. 2006) 2254, a case not appropriate for publication, the Court held: "Appellant's *pro se* motions are denied because appellant is represented by counsel, and only counsel may file motions."

In U.S. v. Christian, 193 Fed. Appx. 800 (10th Cir. 2006) 2255, another case not selected for publication, Christian sought §2255 relief from a sentence due to alleged ineffectiveness of counsel. The Magistrate Judge conducted a hearing and recommended denial of Christian's motion. Christian filed a *pro se* request for certificate of appealability and a request to proceed *in forma pauperis*. His habeas counsel filed a notice of appeal and a request to proceed *in forma pauperis*. "Because he was represented by counsel, the district court denied Christian's *pro se* motions."

In <u>Vitatoe v. Jones</u>, 810 F.2d 204 (6th Cir. 1986), the Court found: "[D]efendant does not have a Constitutional right under Tennessee Constitution to both represent himself and be represented by counsel" citing <u>State v. Burkhart</u>, 541 S.W.2d 365 (Tenn. 1976), and *State v. Muse*, 637 S.W.2d 468 (Tenn Crim. App. 1982); "no error for trial court to refuse to consider *pro se* motions filed in violation of time requirements and when Defendant was also represented by council."

In <u>U.S. v. Sandles</u>, 2008 WL 275684 (EDMich, 2008), Defendant filed two *pro se* motions to recuse trial judge and counsel filed a motion to recuse the trial judge. The Court stated: "Since Sandles is represented by counsel, his *pro se* motions for recusal shall be stricken and this court shall consider only the motion filed by counsel."

In <u>U.S. v. Young</u>, 2009 WL 163045 (E.D.Pa., 2008), Young, represented by counsel since arraignment, filed eight *pro se* motions, but the Court declined to consider the motions ruling: "A criminal Defendant has a right to counsel. He may alternately proceed *pro se*, provided that he waives his right to counsel. However, a criminal Defendant has no right to 'hybrid' representation, that is, representation both *pro se* and by counsel in the same proceeding" (internal citations omitted). Citing a litany of cases, the Court held "because Young was not entitled to 'hybrid' representation both *pro se* and by counsel, the Court will not consider his *pro se* motions, except those that have been adopted by his counsel in connection with the motion to withdraw guilty plea." In FN8, the Court held: "Even if the Court were to consider the *pro se* motions, they would be denied." The court went further by discussing each motion and the reason it would be denied within the footnote.

In <u>United States v. Essig</u>, 10 F.3d 968, 973 (3rd Cir., 1993), the Court held that a court need

not consider *pro se* motions filed by a Defendant who is represented by counsel.

In United States v. Vampire Nation, 451 F.3d 189, 206 n. 17 (3d Cir. 2006), the Court noted: "We observe that the District Court docket is replete with *pro se* motions that Banks filed while represented by counsel. We note that the District Court, perhaps in an attempt to retain control of the proceedings in the face of the [defendant's] onslaught of *pro se* motions, ordered on March 8, 2005, that the Clerk of Court was not to accept any further *pro se* filings from Banks. The District Court was within its authority to do so."

Following the reasoning of Young, Essig and Vampire Nation, the undersigned has previously stated and again states that, as a general rule, defendants, who were not proceeding *pro se* will not have the motions they file *pro se* considered when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise.

In this case, Applewhite's *pro se* motion to sever has not been adopted by his counsel, Scot Radman. Therefore, even if the motion had factual or legal merit, which it does not, the undersigned would deny the motion as improvidently filed.

### IV. Recommendation

For the reasons herein stated, the undersigned United States Magistrate Judge respectfully recommends Defendant Lance Applewhite's *pro se* motion for relief from prejudicial joinder [Docket Entry 54 ] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy

of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit a copy of this Opinion/Report and Recommendation to counsel of record and to mail a copy of the same to the Defendant at the address shown on his last filed *pro se* pleading.

Respectfully submitted this 13th day of August, 2009.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE