**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**

**V.**                                         **Criminal Action No: 1:09CR57-04**

**LANCE APPLEWHITE,**
        **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter is before the undersigned United States Magistrate Judge pursuant to Defendant Lance Applewhite's Motion for Dismissal of Indictment, filed on August 5, 2009 [Docket Entry 56][1]. The United States filed its Response to the Motion on August 21, 2009 [Docket Entry 71]. The matter was referred to the undersigned by United States District Judge Irene M. Keeley on June 30, 2009 [Docket Entry 30]. The undersigned United States Magistrate Judge held a hearing on the motion on August 25, 2009. Defendant appeared in person and with counsel, Scott S. Radman. The United States appeared by its Assistant United States Attorney, David Godwin.

### I. Procedural History

A grand jury attending the United States District Court for the Northern District of West Virginia returned a two-count indictment against Defendant, along with Jovan James, Marcus A. Martin, and Herbert Robinson, on May 5, 2009. Said indictment charges all four defendants, "aided and abetted by each other and by another person known to the grand jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction,

---

[1]The Court notes that the deadline for filing pretrial motions was June 22, 2009, and that Defendant's Motion for Dismissal of Indictment was filed well outside that deadline. Additionally, the Court notes that, even though Defendant, himself, prepared and filed the instant motion, Defendant is represented by court-appointed counsel.

[] assault[ed] the person known to the Grand Jury as J.S., with a dangerous weapon, with intent to do bodily harm to J.S., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3), and 2" (Count One); and, "aided and abetted by each other and by another person known to the grand jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the United States Penitentiary Hazelton, on land acquired for the use of the United States and under its jurisdiction, [] assault[ed] the person known to the Grand Jury as T.H., with a dangerous weapon, with intent to do bodily harm to T.H., without just cause and excuse; in violation of Title 18, U.S.C. sections 113(a)(3) and 2" (Count Two).

In his motion, Defendant Applewhite moves the Court for Dismissal of Indictment based on his Sixth Amendment right to a speedy trial and F.R.Cr.P. 48(b).

## II. Defendant's Contention

In his written Motion, Defendant Applewhite states as follows:

The Courts are in direct violation of my Sixth Amendment Rights.

(Facts) In the first interval states that the Judicial Officer has to submit a summons to the defendant 30 days after the initial complaint is filed to the courts. In my case the Institution filed Sept. 22, 2008. This is due proccess [sic] that starts the speedy trial clock. So failure to follow the proper procedures violated my Six Admentment [sic] Rights to a speedy trial.

(Law) Criminal 48(B)

Rule allows dismissal for violation of defendant's due process rights. A defendant is entitled to dismissal of an indictment due to delay between the commission of the offense and the initiation of its prosecution, if he or she shows actual prejudice from the unreasonable delay of the government. Actual prejudice may be evidenced by a number of factors, including the loss of availability of key witnesses or of valuable evidence, as well as a defendants inability to reconstruct events of the offense, and witness recollection being impaired by the delay.

Rule allows dismissal for violation of defendants constitutionally guaranteed right to a speedy trial Under the Sixth Amendment to the United States Constitution, a

defendant has a right to a speedy trial. The Constitutional right to a speedy trial accures [sic] at the begining [sic] of the criminal prosecution, that is at the time of arrest, or the time of the filing of the prearrest indictment, information, or complaint. There is no specific time by which a defendant must have his or her trial. Instead, a determination of whether a defendant has been denied speedy trial is measured by weighing limitation and rules.

During the hearing, Defendant again argued that his right to a speedy trial was denied by the Court having continued the case. This argument was already discussed and found to be without merit by the undersigned in a Report and Recommendation entered August 19, 2009 [See Docket Entry 70], and will not be re-addressed here.

### III. Discussion

*A. Pre-Indictment Delay*

Title 18, United States Code section 3161(b) provides that an indictment or information should be filed within 30 days of a defendant's appearance on a criminal complaint. In his written Motion, Defendant claims his Sixth Amendment right to a speedy trial was violated because "the Institution filed [the complaint] on Sept. 22, 2008" and he was not indicted until May 5, 2009. The "complaint" to which Defendant refers is, however, an administrative complaint filed by U.S.P. Hazelton, and not a criminal complaint as contemplated by 3161(b). No complaint was filed with the Court, Defendant did not appear on a complaint and Defendant was never arrested and detained pursuant to a complaint. Defendant is detained at U.S.P. Hazelton on a previous conviction. Defendant was indicted by the grand jury on May 5, 2009, and appeared before the Court on June 1, 2009.

The undersigned finds there was no violation of Defendant's speedy trial rights.

Defendant also argues in his written motion that F.R.Cr.P. 48(b) allows for dismissal of the

3

indictment due to delay between the commission of the offense and the initiation of its prosecution. Rule 48(b) provides that the court may dismiss an indictment, information, or complaint if unnecessary delay occurs in (1) presenting a charge to a grand jury; (2) filing an information against a defendant; or (3) bringing a defendant to trial. The Fourth Circuit has held, however:

> Due process is not violated simply because the defendant is prosecuted after a substantial investigative delay [unless] the delay actually prejudices the conduct of the defendant and the government has intentionally delayed to gain some tactical advantage over the defendant or to harass him.

United States v. Stinson, 594 F.2d 982 (4th Cir. 1979) (emphasis added). Further,

> Whether the Government has delayed in order to gain [a tactical advantage] . . . is a question of fact, and questions of fact are the trial court's special province.

United States v. Burns, 990 F.2d 1426 (4th Cir. 1993). Whether a pre-indictment delay violates the Due Process Clause is determined on a case-by-case basis. Howell v. Barker, 904 F.2d 889 (4th Cir. 1990). Pre-indictment delay will only constitute reversible error when the delay violates "fundamental conceptions of justice which lie at the base of our civil and political institutions . . . and which defy the community's sense of fair play and decency," and the defendant has suffered actual prejudice. United States v. Lovasco, 431 U.S. 783 (1977).

Based on all of the above, the undersigned first finds the rule is discretionary and not mandatory. Second, Defendant has not shown there was unnecessary delay between the alleged offense and the indictment, and the undersigned finds there was none. Third, Defendant has made no showing that he suffered any actual prejudice due to the delay, and the undersigned finds none. Finally, Defendant has made no showing that the Government intentionally delayed in order to obtain some tactical advantage over him or to harass him, and the undersigned finds the Government did not so intentionally delay.

For all the above reasons, the undersigned finds there was no violation of Defendant's right to a speedy trial and no violation of due process based upon the May 5, 2009 indictment. The undersigned therefore **RECOMMENDS** Defendant Applewhite's Motion for Dismissal of Indictment be **DENIED**.

## A. *Pro Se* Motion

Defendant's motion to dismiss is filed *pro se.* Defendant is represented by counsel and has not been granted *pro se* status. The Court inquired of Defendant's appointed counsel whether he adopted the motion, and counsel replied that he did not. As already discussed by the undersigned in the Report and Recommendation regarding Defendant's Motion to Sever, as a general rule, defendants, who were not proceeding *pro se* will not have the motions they file *pro se* considered when those motions were not adopted by counsel. If permitted to do so, the Court and the government would be forced to respond in every instance to every motion whether spurious or otherwise.

In this case, Applewhite's *pro se* Motion to Dismiss Indictment has not been adopted by his counsel, Scott Radman. Therefore, even if the motion had factual or legal merit, which it does not, the undersigned would deny the motion as improvidently filed.

## IV. RECOMMENDATION

For the reasons herein stated, the undersigned United States Magistrate Judge respectfully **RECOMMENDS** Defendant Lance Applewhite's *pro se* Motion for Dismissal of Indictment [Docket Entry 56 ] be **DENIED**.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the

Report and Recommendation to which objection is made, and the basis for such objection.  A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge.  Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation.  28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to transmit a copy of this Report and Recommendation/Opinion to counsel of record and to send a copy of the same to the Defendant by certified mail, return receipt requested at the address shown on his last filed *pro se* pleading.

Respectfully submitted this 1st day of September 2009..

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE